IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAMAR LINDSAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00887-RAH |
| | ) | |
| WARDEN, FPC MONTGOMERY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Petitioner Lamar Lindsay, a federal inmate proceeding *pro se*, is confined at the Federal Prison Camp in Montgomery, Alabama. He brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that the Bureau of Prisons ("BOP") has miscalculated the earned time credits to which he is entitled under the First Step Act of 2018 ("FSA"). Lindsay raises three claims: that the BOP unlawfully declined to credit the period between the commencement of his sentence and his arrival at his designated facility; that the BOP unlawfully disallowed credit for three periods during which he was in transit or on writ; and that the BOP has failed to project and apply the credits he expects to earn through the remainder of his sentence. He asks the Court to order the BOP to restore the disallowed days and to project all future credits.

The Respondent has answered, raising several threshold defenses, the first of which is that Lindsay has failed to exhaust his administrative remedies before filing suit. Because exhaustion of the BOP's administrative-remedy process is a prerequisite to § 2241 relief in this Circuit, because Lindsay concededly did not

complete that process, and because none of the exceptions he invokes excuses that failure, the petition is due to be **DISMISSED without prejudice**. The Court does not reach the Respondent's remaining defenses or the merits of Lindsay's claims.

## BACKGROUND

Lindsay is serving a 121-month term of imprisonment imposed by the United States District Court for the Southern District of Florida following his conviction for conspiracy to distribute, and distribution of, a controlled substance. His sentence commenced on July 7, 2022, and, according to the FSA Time Credit Assessment attached to the petition, his current projected release date is October 2029.

The FSA authorizes eligible inmates to earn time credits for successful participation in evidence-based recidivism-reduction programming and productive activities, and to apply those credits toward prerelease custody or early transfer to supervised release. *See* 18 U.S.C. §§ 3632(d)(4), 3624(g). Lindsay's three claims each challenge an aspect of the BOP's calculation or projection of those credits.

Critically for present purposes, Lindsay's petition affirmatively states that he did not pursue the BOP's administrative-remedy process before filing suit (*see* doc. 1 at 2; doc. 25 at 3–4), although the Respondent states that Lindsay did engage in three but not in all four tiers of administrative review. Lindsay argues instead that § 2241 imposes no exhaustion requirement and that, in any event, resort to the administrative process would be futile.

## LEGAL STANDARD

A petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the execution of his sentence, including the computation of sentence credits. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Although § 2241 contains no statutory exhaustion requirement, the Eleventh Circuit has long held that a prisoner must exhaust available administrative remedies before seeking § 2241 relief. *Skinner*

*v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."). That requirement is prudential rather than jurisdictional, so the Court may enforce it—or, in appropriate circumstances, excuse it. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).

The BOP has established a four-tier Administrative Remedy Program. An inmate must first attempt informal resolution; if that fails, he must file a formal request with the warden (a BP-9), then appeal an adverse decision to the Regional Director (a BP-10), and finally appeal to the BOP's General Counsel in the Central Office (a BP-11). *See* 28 C.F.R. §§ 542.13–542.15. Administrative remedies are not exhausted until the inmate has completed review at the General Counsel level. *Id.* at § 542.15(a).

## DISCUSSION

The exhaustion requirement is not an empty formality. It serves to protect administrative agency authority by giving the agency the first opportunity to correct its own errors, and it promotes efficiency by allowing claims to be resolved without judicial intervention. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Those purposes have particular force in the FSA time-credit context, where the accuracy of a credit calculation frequently turns on fact-intensive inputs—an inmate's earning status during discrete periods, the timing of risk and needs assessments, program participation, and the dates and circumstances of transfers and writ movements. The administrative-remedy process is designed to develop precisely that record before the dispute reaches this Court. To exhaust a claim, an inmate must take each step within the administrative process. *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted).

Lindsay does not claim to have sought review under BP-9, BP-10, or BP-11 (*see* doc. 1 at 2–3; doc. 25 at 3–4), although Respondent acknowledges that Lindsay

3

did file BP-9 and BP-10 reviews (doc. 24-1 at 84). He nevertheless concedes that he did not complete the administrative-remedy process. He is therefore unexhausted at the threshold, and the petition is subject to dismissal unless an exception applies. *Skinner*, 355 F.3d at 1295; *Santiago-Lugo*, 785 F.3d at 474–75.

Lindsay offers three reasons the Court should excuse his failure to exhaust. None succeeds.

Lindsay first argues that resort to the administrative process would be futile because the BOP has adopted a fixed, agency-wide position—embodied in its regulations and program statements—that forecloses the relief he seeks. The futility exception is narrow. A petitioner does not show futility merely by predicting that the agency will apply its existing policy and deny relief. If that were enough, the exception would swallow the rule, because every inmate who believed the BOP's policy to be wrong could bypass administrative review. The exhaustion requirement exists precisely so that the agency may apply its policy to the specific facts of an inmate's case and correct any factual or computational errors. Here, Lindsay's claims depend on case-specific facts—the dates and nature of his transit and writ periods, his earning and risk status during each period, and the calculation underlying his projected credits—that the administrative process is designed to test and document. The possibility that the BOP might correct one or more of these calculations, even if it adheres to its broader legal position, defeats Lindsay's claim of futility.

Lindsay next argues, relying on out-of-circuit authority, that exhaustion should be excused because his claims present pure questions of statutory interpretation rather than factual disputes. (*See* doc. 25 at 4 (citing *Garza v. Davis*, 596 F.3d 1198, 1203–04 (10th Cir. 2010), and *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004).). The Eleventh Circuit has not adopted a categorical statutory-interpretation exception to § 2241 exhaustion, and this Court declines to be the first

4

to recognize one on these facts. *See also Thompkins v. Washington*, No. 2:25-cv-215-WKW, 2025 WL 3243831, at \*14 (M.D. Ala. Nov. 20, 2025); *Nuckles v. Yeager*, No. 1:25-cv-00125-RDP-SGC, 2025 WL 1490057, at \*2 (N.D. Ala. May 22, 2025). In any event, the premise fails. Lindsay's claims are not purely legal. Whether particular transit and writ periods were properly excluded, whether his risk and needs assessment and earning status support the credits he demands, and what his correct projected credit total should be, are administrative questions that turn on the individualized facts of his custody and therefore are appropriate for review by the BOP. *See United States v. Martin,* 362 F. App'x 69, 70 (11th Cir. 2010) (citation omitted) (emphasis omitted) (to seek judicial review, a petition or "claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies"); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (holding that the Attorney General through the BOP, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing).

Finally, Lindsay contends that requiring exhaustion would cause irreparable harm by prolonging unlawful confinement, and he invokes *Ross v. Blake*, 578 U.S. 632, 642–44 (2016), for the proposition that administrative remedies need not be pursued when they are unavailable. *Ross* interpreted the mandatory exhaustion provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which by its terms governs civil actions challenging prison conditions and does not apply to habeas proceedings. Lindsay himself acknowledges that the PLRA does not reach his petition. (*See* doc. 1 at 1.) The requirement he must satisfy is instead the judicially created, prudential exhaustion doctrine of *Skinner,* 355 F.3d at 1295, and *Santiago-Lugo*, 785 F.3d at 474, under which the recognized excuses are extraordinary and therefore narrow. Lindsay's generalized assertion of harm from continued incarceration is common to every inmate seeking earlier release and does not, without more, render the administrative process unavailable or excuse his failure to

5

use it. Moreover, the administrative-remedy process is expeditious relative to the release and referral timeline Lindsay describes, and nothing prevents him from pursuing it now.

Because the exhaustion bar is dispositive, the Court does not reach the Respondent's additional arguments concerning ripeness, cognizability, and the existence of a protected liberty interest, and it expresses no view on the merits of Lindsay's three claims. The Court acknowledges that it addressed similar FSA time-credit questions in *Sharma v. Peters*, 756 F. Supp. 3d 1271 (M.D. Ala. 2024), on which Lindsay relies. But this Court in *Sharma* reached the merits of the petitioner's FSA claims because, as the respondent acknowledged, the petitioner exhausted his claims before filing his petition. This Court did not hold, however, that the exhaustion requirement may be disregarded.

Dismissal without prejudice leaves Lindsay free to return to court under a new § 2241 petition once he has exhausted the BOP's administrative-remedy process and his claims become ripe.

### CONCLUSION

For the reasons stated above, it is **ORDERED** as follows:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) is **DISMISSED** without prejudice;

2. All other pending motions are **DENIED** as moot; and,

3. The Clerk of Court is **DIRECTED** to close this case.

**DONE** on this the 12th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6